## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/31/2017, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. Elkin
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Marion Longfellow,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2017

Court of Appeals Case No.
34A02-1704-CR-817

Appeal from the Howard Superior Court

The Honorable George A. Hopkins, Judge

Trial Court Cause No.
34D04-1605-F1-97

**Najam, Judge.**

## Statement of the Case

Marion Longfellow appeals his sentence for child molesting, as a Level 4 felony, following a guilty plea. He raises two issues for our review, one of which we find dispositive, namely, whether his sentence is inappropriate in light of the nature of the offense and his character.

We reverse and remand with instructions.

## Facts and Procedural History

On May 13, 2016, M.W., who was then thirteen-years-old, reported to a Howard County Child Protective Services Caseworker that Longfellow, her grandfather, had touched her inappropriately. Law enforcement officers monitored the interview from another room. In her interview, M.W. stated that, during a visit to Longfellow's house on May 8, 2016, Longfellow, who was then eighty-one-years old, had touched her breast on the outside of her clothing. She moved his hand away but he attempted to touch her a second time. At that point, M.W. walked out of the garage.

On May 25, an officer with the Kokomo Police Department interviewed Longfellow regarding M.W.'s allegations. Longfellow admitted that "he placed his hand on her breast" while in the garage at his house. Appellant's App. Vol. II at 25. Longfellow also stated that, while he "has difficulty remembering details," he remembered touching her breast. *Id.* Longfellow claimed that he

believed M.W. was "teasing him sexually" and that she "was wanting things to happen." *Id.*[1]

[5] On May 31, 2016, the State charged Longfellow with one count of child molesting, as a Level 1 felony, for touching M.W.'s breast. On December 12, Longfellow entered into a plea agreement with the State in which he agreed to plead guilty to the lesser included offense of child molesting, as a Level 4 felony. During a plea hearing on March 17, 2017, Longfellow pleaded guilty to child molesting, as a Level 4 felony. On that same date, the trial court entered judgment of conviction and held a sentencing hearing.

[6] According to the presentence investigation report, Longfellow has had four heart attacks and a light stroke, suffers shortness of breath, has high cholesterol and high blood pressure, has memory loss, and has heart problems. The report also indicates that Longfellow takes seven different medications. During the sentencing hearing, Scott Comfort, an investigator with a medical background, testified that several of Longfellow's medications "have known possible side effects of altering one's mental state in some way, shape[,] or form," including being unable to remember things. Tr. at 52. Comfort further testified that strokes "can cause impulsive behavioral actions." *Id.* Longfellow introduced

---

[1] The interview is included as an attachment to the probable cause affidavit. During the sentencing hearing, the court asked the parties whether there was a factual basis for the guilty plea. The parties provided the following responses: "[The State]: The State would stipulate to the facts contained in the Affidavit of Probable Cause and the attachments thereto to establish a factual basis. [Longfellow]: And the defendant would so stipulate as it relates to those allegations that are specifically Level 4 allegations." Longfellow did not provide any further clarification as to which facts he was stipulating.

as evidence a letter from his neurologist that states he "is at risk for further stroke" and that the "incarceration of Mr. Longfellow increases his risk of being unable to receive the standard of care" for an acute stroke. Appellant's App. Vol. II at 104.

During the sentencing hearing, the trial court identified as an aggravating circumstance that Longfellow was in a position of trust and responsibility over his granddaughter. The court also found as a "slight" aggravating circumstance that Longfellow had tried to minimize his responsibility or the nature of the offense by blaming M.W. The court identified as mitigating circumstances Longfellow's lack of criminal history and his guilty plea. The trial court sentenced Longfellow to an executed term of ten years in the Indiana Department of Correction and ordered him to register as a sex offender. This appeal ensued.

## Discussion and Decision

Longfellow contends that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind.

2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.) as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E. 2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 637, 642 (Ind. 2017).

[9] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). In determining whether a sentence is inappropriate, the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006).

[10] Longfellow pleaded guilty to a Level 4 felony. Pursuant to Indiana Code Section 35-50-2-5.5, the sentencing range for a Level 4 felony is two to twelve

years. The advisory sentence is six years. As stated above, the trial court sentenced Longfellow to an executed term of ten years for his Level 4 felony offense.

[11]     Longfellow claims that the ten-year sentence is inappropriate and the trial court should have imposed a sentence of two years, suspended to probation. Longfellow asserts that "the true nature of this offense is one where an adult brushed the breasts of a young lady." Appellant's Br. at 17. In his May 25, 2016, interview with police, Longfellow said that on May 8, 2016, he and M.W. were playing catch outside. He stated that after they went into the garage he "placed his hand on her breast." *Id*. The placing of his hand on her breast was more than a mere "brush." Thus, Longfellow admitted to purposefully and inappropriately touching his minor granddaughter.

[12]     We acknowledge the inappropriateness of Longfellow's choice to touch the breast of his granddaughter. We also acknowledge the impact Longfellow's act had on M.W. and her family. However, we must conclude that the nature of this offense is no more than what the Indiana General Assembly already took into consideration when it decided on the elements of the crime. There is no evidence that Longfellow's conduct was especially egregious to warrant a sentence four years above the advisory term and just two years below the maximum term.

[13]     With respect to Longfellow's character, we likewise conclude that the evidence, as a whole, is in equipoise. We agree with the trial court that Longfellow

attempted to minimize his offense and blame his victim, which reflects poorly on his character. But it is undisputed that Longfellow also has no criminal history and took responsibility for his actions when he pleaded guilty. It is also undisputed that, at the time of sentencing, Longfellow was eighty-two years old with significant medical issues, including a history of four heart attacks, a stroke, shortness of breath, high cholesterol, high blood pressure, memory loss, and heart problems. He also takes seven different medications, many of which alter his mental state and some of which increase his stroke risk.

After giving due consideration to the trial court's sentencing decision, the nature of Longfellow's offense, and Longfellow's character, we must conclude that the ten-year sentence is inappropriate. However, we disagree with Longfellow that he should receive the minimum sentence of two years, all suspended to probation. Rather, on remand we direct the trial court to order Longfellow to serve the advisory sentence of six years executed with the Indiana Department of Correction.

Reversed and remanded with instructions.

Kirsch, J., and Brown, J., concur.